27 C.C.P.A.(Patents)

## In re HOFFBERGER.

### Patent Appeal No. 4232.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Sol Shappirio, of Washington, D. C., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

In this and in a companion case, In re Hoffberger, 109 F.2d 237, Hoffberger has appealed from decisions of the Board of Appeals of the United States Patent Office affirming decisions of the examiner denying the patentability of certain claims in applications for patents, the broad subject matter being improvements in refrigerators and temperature regulation therein. Certain issues are, in principle, common

to both cases, but separate opinions are necessary.

The application in the instant case, serial No. 677,731, was filed June 26, 1933. Several claims were allowed, but nine were rejected and appealed to this court. They are numbered, respectively, 1, 2, 8, 9, and 13 to 17, inclusive.

We quote as generally illustrative claims 1, 2, 9, and 17:

"1. In combination, an ice refrigerator having ice and food compartments provided with the usual doors but otherwise sealed from the external atmosphere, the ice·compartment being sealed against substantial entry of air·from the food compartment by a floor plate against which warm air the food compartment impinges for chilling, said floor plate being removably positioned in said ice compartment.

"2. In combination, an ice refrigerator having ice and food compartments, said ice compartment having a floor plate to support the ice in said ice compartment, the said floor plate having a portion of its undersurface provided with metallic fins projecting therefrom."

"9. A temperature regulator for refrigerators having the usual ice compartment, said regulator comprising a floor plate adapted to support ice in said ice compartment, the floor plate in size corresponding with the cross section of the ice compartment in which it is to be used but removable therefrom so that when placed in position the plate seals the ice compartment against substantial entry of air from the food compartment, said plate carrying fins angularly disposed with respect thereto and extending toward the said food compartment to increase the radiating surface of said plate, but the fins being carried on a portion only of the floor plate, whereby that portion of·the floor plate having the fins has a higher heat conductivity than that of the other portion of the floor plate."

"17. A temperature regulator for refrigerators having the usual ice compartment, said regulator comprising a substantially continuous metallic plate for sealing said ice compartment against the entry of air from the food compartment, said plate carrying metallic fins angularly disposed with respect thereto for increasing the radiating surface of said plate, the metallic plate in size corresponding with the cross section of the ice compartment in which it is to be used, so that when placed in position the plate seals the ice compartment against entry of air from the food compartment."

The references cited are: Biber (Brit.), 15,431, Aug. 27, 1892; Hoffberger, 1,951,-305, Mar. 13, 1934.

The examiner rejected all the appealed claims on the ground of double patenting and the board affirmed as to this ground. Claims 1, 8, 13, and 16 were also rejected by the examiner on the patent to Biber, but the board disagreed with that ground of rejection as to those claims, saying "It is considered that this rejection is not proper and the same will not·be affirmed." The board, however, held claim 2 to be unpatentable over the British patent, a ground which the examiner did not in terms apply to that claim.

It is proper to state that originally the examiner's rejection was based solely upon double patenting, but in his statement following the appeal·to·the board he called attention to·the Biber patent, saying it had come to his attention after the appeal, and applied it to claims 1, 8, 13, and 16. Appellant thereupon elected to prosecute those claims further before the examiner in conformity with the doctrine stated in Ex parte Mevey, 1891 C.D. 115, 56 O.G. 805, and the case was returned to· him. The four claims so rejected on the British patent were amended in certain particulars and the examiner reconsider-ed them with the result that he made his rejection of them final. The second appeal to the board followed. After the latter's decision appellant made request for reconsideration. The board denied this, saying; in effect, that no reason was found for modifying its decision. The instant appeal to this court followed.

Appellant challenges the correctness of the holding as to double patenting and the rejection of claim 2 upon the British patent. Also, he challenges the jurisdiction of the Board of Appeals to apply the British patent as a ground of rejection, it not having been rejected on that ground by the examiner.

Obviously, it is proper for us to consider first the question of double patenting upon which ground all· the claims were rejected, and if the decision of the board on that ground should be sustained· it will be unnecessary to. discuss either

the rejection based on the Biber reference, or the question raised as to the board's jurisdiction above stated.

Patent 1,951,305, one of the references cited in this case, was issued to appellant March 13, 1934, upon his application filed February 13, 1933. So, it was copending with the application here involved from June 26, 1933 to March 13, 1934.

The patent contains a single claim which reads: "A removable and replaceable temperature regulator for refrigerators having the usual ice compartment, said regulator comprising a metallic plate for directly and substantially sealing said ice compartment against the entry of air from the food compartment, said plate carrying metallic fins angularly disposed with respect thereto for increasing the radiating surface of said plate, the metallic fins being exposed toward the food compartment, the metallic plate in size corresponding with the cross section of a floor opening of the ice compartment with which it is to be used, so that when placed in position, the plate seals the ice compartment against entry of air from the food compartment, but said plate may thereby be removed when desired from the ice compartment of the refrigerator in which it is placed."

It is the contention of appellant that the foregoing claim is specific in character, being "directed to the temperature regulator per se that is the floor plate carrying the metallic fins angularly disposed thereto"; that some, at least, of the appealed claims are generic, and that he is entitled to generic claims in this application, since it (containing them) was copending with the patent application. A further contention by appellant is based upon the allowance of certain of the claims in this case asserted by him to be species claims limited to specific forms of his invention, such as a metallic inset for the floor plate (not included in the claims of the patent), the metal of the inset having a heat conductivity greater than that of the floor plate. All claims containing the inset feature were allowed. In some of the allowed claims the inset plate is described as being provided with fins; in others of them this feature is not named.

It will be observed that appealed claim 1, supra, makes no mention of fins. The fin feature, which is present in the patent claim, is found in appealed claims 2, 9, 15, and 17. The others do not mention it. All the appealed claims except No. 2, supra, describe the function of the floor plate in sealing, or substantially sealing, the ice compartment from the entry of air from the food compartment, a function likewise named in the patent claim.

Appellant's contention is that having been allowed a species claim in his patent and other species claims in the patent application, he is entitled also to generic claims under the circumstances related. In his brief it is said (omitting the record page of references): "It will be seen that the Examiner granted a claim to the specific floor plate in the single patented claim of patent 1,951,305, and has also allowed claims to the specific form of invention disclosed in the instant case. The claim of the companion patent could scarcely be made more specific with respect to that floor plate than it actually is. It was allowed by the Examiner only after amendment to its present form to insert specific language insisted on by the Examiner * * *. This claim specifically directed to a rigid plate (without a removable inset) does not cover the plate with a removable inset. And when that was the only claim which the Examiner would indicate to be allowable, the broader claims 13 to 17 were transferred from the companion application No. 656,574 which became patent 1,951,305, to the present application at the time of their cancellation from the parent case * *. Of course, the generic claims 1, 2, 8 and 9 were present in the instant application at the time of filing, and all of these claims on the present appeal were pending in the instant case before the grant of the companion patent."

Appellant also asserts that claims 1, 2, 14, 15, and 16 are directed to a combination of a refrigerator of a particular structure and a temperature regulator, "while the remaining claims on the appeal are directed to temperature regulators per se."

The brief continues:

"It is thus seen that:

"1. The present application was a companion, copending application with that which became patent No. 1,951,305.

"2. The generic claims were pending in the instant case before the grant of the companion, copending patent 1,951,305.

"3. There are two distinct inventions in these cases, recognized by the Patent Office in the allowance of claims herein,

and the grant of the patent on the companion case.

"Under those circumstances, we submit that the law is clear that there is no double patenting, and that the broad claims may be patented in the instant case where they were pending before the grant of the companion patent, and where the companion patent and the instant application include distinct inventions, separately patentable in two patents."

There seems to be some question as to whether the claim of the patent should be construed as covering merely the regulator per se or as a combination of that element and a refrigerator. It will be noticed that it begins "A * * * temperature regulator for refrigerators * *." Appealed claims Nos. 8, 9 and 17 begin with substantially the same phrase (as do three of the allowed claims) while all the other appealed claims (and two of the allowed claims) begin "In combination, an ice refrigerator * * *." The examiner held the construction of the patent claim in this regard to be immaterial, saying: "Whether the patent claim can be construed as covering the element per se or the element in combination with the refrigerator casing, it is considered that essentially the same invention is covered by the claim of the patent. and claims 1, 2, 8, 9 and 13-17 inclusive of this case."

The board did not discuss the question of combination, but it did hold the claim of the patent to be generic, saying: "There appears to be disclosed and claimed in the prior patent a generic claim for a removable temperature regulator for refrigerators having the usual ice compartment, a metallic plate for sealing the ice compartment against the entry of air from the food compartment, the said plate carrying metallic fins. Since this claim of the patent is generic to a mechanism of this type having fins thereon, it is considered that applicant is not entitled to have generic claims to the same species which is disclosed in the patent in the second application. All of the claims involved in this appeal appear to be supported by the species disclosed in the patent, including claim 9, which calls for the fins being carried on a portion only of the floor plate. The claim of the patent reads on both the species of the patent and the species of the application and applicant is not entitled to have a claim generic to both species in both cases."

It is clear to us that each of the claims on appeal is covered by the patent claim. Any device conforming to any one of the appealed claims would conform in all material respects to the claims of the patent, and vice versa. Appellant, as compensation for his contribution to the art, was, by the patent, granted exclusive rights for the statutory period. At the end of that period public right to its use will ensue. If some one then should make a device in accordance with the patent claim, such device would, in our opinion, infringe a patent for the appealed claims were such patent granted.

The rejection of the claims upon the ground of double patenting is approved. Hence, it is unnecessary to consider the other phases of the case.

The decision of the Board of Appeals is affirmed.

Affirmed.